UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES—GENERAL

**Case No.**  CV 22-5695-MWF (JPRx)          **Date:**  October 19, 2022
**Title:**  Rosa Ramirez et al v. NBGI, Inc. et al

**Present:**  The Honorable MICHAEL W. FITZGERALD, U.S. District Judge

| Deputy Clerk: | Court Reporter: |
|---|---|
| Rita Sanchez | Not Reported |
| Attorneys Present for Plaintiff: | Attorneys Present for Defendant: |
| None Present | None Present |

**Proceedings (In Chambers):**   ORDER DENYING MOTION TO REMAND [9]

    Before the Court is Plaintiffs Rosa Ramirez's and Atanacio Zelayandia's Motion to Remand (the "Motion"), filed on August 29, 2022.  (Docket No. 9).  Defendant Real Time Resolutions, Inc. filed an Opposition on September 28, 2022.  (Docket No. 14).  No Reply was filed.

    The Motion was noticed to be heard on October 24, 2022.  The Court read and considered the papers on the Motion and deemed the matter appropriate for decision without oral argument.  *See* Fed. R. Civ. P. 78(b); Local Rule 7-15.  The hearings were therefore **VACATED** and removed from the Court's calendar.

    The Motion to Remand is **DENIED**.  The Court has federal question jurisdiction over Plaintiffs' claim for violations of the Fair Debt Collection Practices Act ("FDCPA").  Because all of Plaintiffs' state law claims arise from a common nucleus of operative fact (i.e., the foreclosure of real property), the Court also has supplemental jurisdiction over the state law claims.  *See, e.g., Exxon Mobil Corp. v. Allapattah Services, Inc.*, 545 U.S. 546, 580 (2005).  Because the Court denies the Motion, Plaintiffs' request for an order of costs and expenses incurred as a result of bringing the Motion is also **DENIED**.

    Plaintiffs are proceeding pro se and have mistakenly argued that Defendant improperly removed this action based on diversity jurisdiction.  However, as Defendant explains in its Opposition, it has removed this action based on federal question jurisdiction.  While the cover sheet of the Complaint does not include a

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES—GENERAL

| | |
|---|---|
| Case No.  CV 22-5695-MWF (JPRx) | Date:  October 19, 2022 |
| Title:  Rosa Ramirez et al v. NBGI, Inc. et al | |

federal question, the substance of the Complaint makes clear that Plaintiffs seek relief under the FDCPA. While "[a]s the master of the complaint, a plaintiff may defeat removal by choosing not to plead independent federal claims," the removing court may "look at the true nature of the plaintiff's complaint" to determine whether the plaintiff has, in fact, pled an independent federal claim. *See ARCO Envtl. Remediation, L.L.C. v. Dep't of Health & Envtl. Quality of Montana*, 213 F.3d 1108, 1114 (9th Cir. 2000); *Garibaldi v. Lucky Food Stores, Inc.,* 726 F.2d 1367, 1370 (9th Cir. 1984).

Here, listed under the heading "First Cause of Action," the Complaint explicitly states: "VIOLATION OF THE FAIR DEBT COLLECTION PRACTICES ACT (FDCPA) 15 U.S.C. 1692(e)(10) BY DEFENDANT REAL TIME RESOLUTIONS, INC." (*See* Supplemental Declaration of Nathaniel R. Lucey ("Lucey Decl."), Ex. E (Complaint), at 9-10 (Docket No. 11)). Under the "First Cause of Action," Plaintiffs repeatedly cite to various sections of the FDCPA and seek "actual, statutory, and punitive damages, attorney's fees and costs, pursuant to 15 U.S.C. [Section] 1692." (*Id.* at 11).

In passing, the Motion acknowledges that the Complaint includes a FDCPA claim, but strangely, Plaintiffs seem to argue that the Court lacks subject matter jurisdiction over that claim because Plaintiffs lack standing. (Motion at 6-7). If, as Plaintiffs allege, Defendant has used "false representation[s] or deceptive means to collect or attempt to collect a debt" from Plaintiffs, then Plaintiffs can likely demonstrate an injury-in-fact to support Article III standing. (*Id.* at 10). To the extent that Plaintiffs "standing" argument suggests that they would like the Court to dismiss their FDCPA claim, they must unambiguously seek dismissal of the claim by filing a notice of voluntary dismissal. *See* Fed. R. Civ. P. 41. Regardless, removability is determined based on the removal notice and the Complaint as it existed at the time of removal. *See Miller v. Grgurich*, 763 F.2d 372, 373 (9th Cir. 1985). Because an FDCPA cause of action was undeniably alleged in the Complaint at the time of Defendant's removal, the Court has federal question jurisdiction over this action. *See* 28 U.S.C. § 1441(c).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES—GENERAL

**Case No.** CV 22-5695-MWF (JPRx)           **Date:** October 19, 2022
**Title:** Rosa Ramirez et al v. NBGI, Inc. et al

If the Court subsequently determines that Plaintiffs do not have a viable FDCPA claim, it will determine at that time whether to continue exercising jurisdiction over any remaining state law claims.

Finally, the Court notes that Plaintiffs also seem to argue that the Court should abstain from hearing this action pursuant to the doctrine described in *Railroad Commission v. Pullman Co.*, 312 U.S. 496 (1941). *Pullman* abstention allows a court to abstain from determining constitutional claims when the following three criteria are met:

(1) The complaint touches a sensitive area of social policy upon which the federal courts ought not to enter unless no alternative to its adjudication is open.

(2) Such constitutional adjudication plainly can be avoided if a definitive ruling on the state issue would terminate the controversy.

(3) The possibly determinative issue of state law is doubtful.

*Smelt v. Cty. of Orange*, 447 F.3d 673, 679 (9th Cir. 2006) (citation omitted).

*Pullman* abstention is clearly unwarranted here. First, Plaintiffs' Complaint does not include a constitutional question. Second, *Pullman* abstention is to be reserved for the exceptional case in which an important countervailing interest militates in favor of initial resolution of state issues by the state courts. *See County of Allegheny v. Frank Mashuda Co.*, 360 U.S. 185, 189. This run-of-the-mill property dispute does not present such an "exceptional case."

Accordingly, the Motion to Remand is **DENIED**. The Court has federal question and supplemental jurisdiction over Plaintiffs' claims.

IT IS SO ORDERED.

The Court may not provide advice to any party, including persons who are not represented by a lawyer. (Such persons are known as "pro se litigants.") However,

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES—GENERAL

**Case No.** CV 22-5695-MWF (JPRx)          **Date:** October 19, 2022

**Title:** Rosa Ramirez et al v. NBGI, Inc. et al

this District does have a "Pro Se Clinic" that can provide information and assistance about many aspects of civil litigation in this Court. Public Counsel's Federal Pro Se Clinic provides free legal assistance to people representing themselves in the United States District Court for the Central District of California. The Pro Se Clinic is located at the Roybal Federal Building and Courthouse, 255 East Temple Street, Los Angeles, California 90012.

The United States District of the Central District of California has activated its Continuity of Operations Plan ("COOP") arising from the COVID-19 pandemic, effective March 23, 2020. While the COOP is in place, the Los Angeles Pro Se Clinic is closed, but is providing remote assistance via telephone and/or email. For more information, you can call the clinic at (213) 385-2977, ext. 270, or visit the following site: tinyurl.com/fedproseclinic.

In addition, the Court has information of importance to pro se litigants at the "People Without Lawyers" link, https://prose.cacd.uscourts.gov/.

Pro se litigants may also apply to the Court for permission to electronically file. Form CV-005 is available at https://www.cacd.uscourts.gov/court-procedures/forms.

The Court's website home page is https://www.cacd.uscourts.gov.